IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JORDANA GARDNER, individually**  **PLAINTIFF**
**and on behalf of herself as well as all**
**other similarly-situated employees**

v.   CASE NO. 4:24-CV-00564-BSM

**DR. ALONZO WILLIAMS, SR.,** *et al.*   **DEFENDANTS**

### ORDER

Jordana Gardner's motion to remand [Doc. No. 4] is granted and this case is immediately remanded to Pulaski County Circuit Court because federal jurisdiction is lacking. This is true because Gardner is alleging only state law violations and there is not complete diversity.

Gardner is suing defendants under the Arkansas Minimum Wage Act (AMWA), Arkansas Civil Rights Act, and Arkansas Equal Pay Act, and is alleging illegal exaction and asking to pierce the corporate veil.. *See* Compl. ¶¶ 103–147, Doc. No. 2. Defendants removed the case contending that Gardner's AMWA claim triggers federal question jurisdiction. Notice of Removal ¶ 10, Doc. No. 1. A federal court may treat a claim arising under state law as a federal claim when " a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Defendants make two arguments in support of removal. First, they argue that Gardner's AMWA claim invokes the Fair Labor Standards Act (FLSA) because only the

FLSA empowers a plaintiff to seek conditional certification and court-authorized notice to represent a class of similarly-situated individuals . Def. Covenant Surgical Partners, Inc.'s Resp. Opp'n Pls.' Mot. Remand 5–8, Doc. No. 13. Second, defendants contend that federal question jurisdiction exists because Gardner's request for conditional certification of her AMWA claim raises substantial, disputed federal questions. *Id.* at 8–11.

Defendants' attempt to overcome remand is an uphill battle because they have the burden of establishing federal subject matter jurisdiction, *see In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam) (party seeking removal and opposing remand bears this burden), and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Moreover, it appears that the AMWA does empower a plaintiff to seek certification and court-authorized notice to represent a class of similarly-situated individuals. *See Koppers, Inc. v. Trotter*, 2020 Ark. 354, at 9–10 (affirming circuit court's class certification in AMWA case); *Shelter Mut. Ins. Co. v. Baggett*, 646 S.W.3d 106, 110 (Ark. 2022) (class definition including "all similarly situated persons" is proper); Ark. R. Civ. P. 23(d)(2) ("the court may make appropriate orders . . . that notice be given in such manner as the court may direct to some or all members of any step in the action . . . "). Although it may be unclear whether *conditional* certification is permitted for an AMWA claim, this does not disrupt the federal-state balance and invoke federal jurisdiction. This is true because federal courts will not be substantially impacted by how Arkansas courts handle class certifications in AMWA claims. *See Ark. Dep't of Veterans Affairs v. Okeke*, 466 S.W.3d 399, 403 (Ark.

2015) (FLSA certification procedures differ from AMWA certification procedures). Finally, if it is true that Gardner is seeking exclusively federal remedies to a state law claim, then the state court can simply decide against providing those remedies.

IT IS SO ORDERED this 3rd day of September, 2024.

_____
UNITED STATES DISTRICT JUDGE